UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23059-CIV-SEITZ/WHITE

JAUMON R. LEWIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING RECOMMENDATION ON THE MERITS ONLY, OVERRULING IN PART PETITIONER'S OBJECTIONS, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on Petitioner Lewis's Objections [DE 10] to Magistrate Judge White's Report and Recommendations [DE 9]. In his 28 U.S.C. § 2255 petition [DE 1], Petitioner challenges his fifteen-year enhanced sentence under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA") based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), which held that the ACCA's residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. The Report recommends dismissing the petition for two reasons: (1) it is untimely because the Supreme Court has not made *Johnson* retroactive on collateral review; and (2) it is without merit because three of Petitioner's prior convictions satisfy the ACCA's "elements clause," § 924(e)(2)(B)(i), which survived *Johnson*.

The Court has reviewed, *de novo*, the record, the Report, Petitioner's Objections [DE 10; *see also* DE 14], and the Government's Response [DE 13] and finds that the Report's factual findings are not clearly erroneous and its legal conclusions on the *merits* are consistent with the proper application of the law to those facts. However, the Court must sustain Petitioner and the Government's objection to the Report's conclusion that the petition was untimely under *Johnson* and 28 U.S.C. § 2255(f)(3). The Report relied on *In re Rivero*, 797 F.3d 986 (11th Cir. 2015), which

1

involved a successive petition subject to § 2255(h)(2)'s requirement that the Supreme Court make new rules retroactive. Because this is Petitioner's first petition and any court can make a new rule retroactive under § 2255(f)(3), the Court cannot adopt this section of the Report.

In his Objections on the merits, Petitioner disputes that two of his convictions — aggravated assault with a firearm and felony battery — satisfy the elements clause. He contends that these offenses do not categorically require physical force as elements and that the record is unclear as to the statutory basis underlying his assault conviction. Given his admission to the fact of both his assault and battery convictions and that each requires physical force as an element — threatening to do violence and causing significant physical harm, respectively — his Objections are overruled.

## *Background*

In 2011, Petitioner pled guilty to being a felon in possession of a firearm. In his signed Plea Agreement [Case No. 11-cr-20631, DE 26], Petitioner conceded the following three prior convictions:

> (1) Armed robbery with a firearm or deadly weapon, in violation of Florida Statutes 812.13(2)(A) and 775.087, Miami-Dade County, Florida Case Number F03-012116;
> (2) Aggravated assault with a firearm, in violation of Florida Statutes 784.021(1)(a) and 775.087, Miami-Dade County, Florida Case Number 99-2878;
> (3) Felony battery, in violation of Florida Statue 784.041, Miami-Dade County, Florida Case Number 03-012114 . . . .[1]

Petitioner was sentenced to 180 months' imprisonment under the ACCA and did not appeal. His one-year collateral review deadline was March 12, 2013. Petitioner filed this habeas petition challenging his ACCA sentence enhancement in August 2015, two months after *Johnson* issued.

## *The Petition is Timely under* **Johnson**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner may file a habeas petition within one year of "the date on which the right asserted was initially recognized by

---

[1] Petitioner also admitted to a fourth conviction for fleeing a police officer in a motor vehicle. The Report, the Government, and Petitioner correctly concur that offense no longer counts as a violent felony after *Johnson*.

2

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner claims that his lapsed collateral review clock restarted with *Johnson*. Interpreting *In re Rivero*, 797 F.3d 986 (11th Cir. 2015), the Report concluded that the petition was not timely, because the Supreme Court has not yet made *Johnson*'s new substantive rule retroactive on collateral review.

Both Petitioner and the Government disagree. Their position is that *In re Rivero* limited its non-retroactivity analysis to successive, not initial, habeas petitions. *See id.* at 991 ("If Rivero . . . were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively."). The Government argues that the hurdles differ under 28 U.S.C. § 2255(h)(2) and § 2255(f)(3). Whereas § 2255(h)(2) specifies that the Supreme Court itself must make a new rule retroactively applicable to successive petitions like Rivero's, a new rule may apply to belated initial petitions under § 2255(f)(3) as long as *any court* makes it retroactive, *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004), *aff'd on other grounds*, 545 U.S. 353 (2005).

The parties' interpretation is persuasive. In *In re Rivero*, the Eleventh Circuit recognized that *Johnson* announced a new substantive rule of constitutional law and that such rules generally apply retroactively. 797 F.3d at 988-89. In holding that *Johnson* nonetheless did not permit successive petitions, the focus of the Court's analysis was whether the Supreme Court itself had made the rule retroactive as required by § 2255(h)(2), concluding it had not. *Id.* at 989-90; *see also In re Franks*, No. 15-15456-G, 2016 WL 80551, at *2-3 (11th Cir. Jan. 6, 2016) (same). Unlike in *In re Rivero*, this is Petitioner's first petition; therefore, § 2255(h)(2) does not apply. Given that any court can make new substantive rules apply retroactively under § 2255(f)(3); that *In re Rivero* recognized *Johnson* announced such a rule; and that Petitioner filed his petition within a year of *Johnson*, the Court sustains Petitioner and the Government's objection and finds that the petition is timely.

### *The Petition Must Be Denied on the Merits*

Although the Supreme Court in *Johnson* invalidated the ACCA's residual clause, its elements

3

clause survived and states in relevant part that a violent felony means a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Report recommended denying the petition on the merits, because three of Petitioner's prior convictions — (1) armed burglary, (2) aggravated assault with a firearm, and (3) felony battery — fall under the elements clause. Although Petitioner does not challenge the Report's finding as to armed burglary, he objects that his convictions for aggravated assault and for felony battery no longer qualify after *Johnson*.

    I.    *Aggravated Assault Conviction.*

As to his aggravated assault with a firearm conviction, Petitioner raises two objections. First, citing *United States v. Day*, 465 F.3d 1262, 1264-65 (11th Cir. 2006), he argues that "the state court record does not indicate under which of [784.021(1)'s] two subsection [sic] Movant was convicted." [DE 10, p. 4.] In his view, the Court must thus apply a "modified categorical approach" to determine the subsection underlying his conviction or "look for a physical force element" in each. *Id.* Second, he contends the district court must have "used the residual clause in applying the ACCA enhancement" based on his assault conviction because it does not have physical force as an element. [DE 10, p. 5.] Neither objection has merit.

As to his first objection, Florida Statute 784.021(1) specifically proscribes "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Florida law defines "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). The Eleventh Circuit has held that the statutory definition of the "assault" element alone categorically qualifies aggravated assault as a violent felony under the elements clause. *United States v. Johnson*, 515 F. App'x 844, 848 (11th Cir. 2013). Even if clarification as to the subsection of his conviction were needed, Petitioner's signed Plea Agreement states he was convicted under § 784.021(1)(a). *Cf.*

4

*United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) ("[W]hen a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea . . . no *Apprendi* problem arises."). Petitioner does not challenge his admission to the fact of his prior conviction under § 784.021(1)(a); thus, his citation to *Day* is inapposite. 465 F.3d at 1265-66 (holding that the district court correctly applied a modified categorical approach to a divisible statute to determine the *nature* of the conviction but erred in relying on a state criminal information that charged a different crime with a different factual predicate than the crime of conviction).

Petitioner's second objection is also misguided. Regardless of whether a district court relies on the ACCA's residual clause to enhance a sentence, there is no prejudicial error if the predicate offense also qualifies as a violent felony under the elements clause. *See United States v. Jean*, No. 15-11978, 2016 WL 143361, at *3 (11th Cir. Jan. 13, 2016) (holding on direct appeal that the district court's use of the residual clause was harmless error where defendant's prior conviction also qualified under the elements clause).[2] As discussed, Petitioner's conviction categorically qualifies under the elements clause; thus, the Court does not reach a "modified categorical" analysis. On page 5 of his Objections [DE 10], Petitioner appears to disagree, citing *Johnson v. United States*, 559 U.S. 133, 140 (2010) and emphasizing that physical force means "*violent* force — that is, force capable of causing physical pain or injury to another." However, Florida Statutes § 784.011(1) and § 784.021(1)(a) require just that: an intentional threat to do *violence* to another, with a deadly weapon. Thus, Petitioner's conviction satisfies the elements clause. *See United States v. Tinker*, No. 15-10642, 2015 WL 4430678, at *2 (11th Cir. July 21, 2015) (noting that a Florida conviction for aggravated assault with a firearm qualifies under the elements clause) *cert. denied*, No. 15-6555, 2015 WL 6111470 (U.S. Nov. 16, 2015).

---

[2] Petitioner's reference to the residual clause in the Sentencing Guidelines is irrelevant. Although that clause is virtually identical to the ACCA's residual clause, the Eleventh Circuit has held that the vagueness doctrine "does not apply to advisory guidelines" and thus that *Johnson* did not invalidate the Guidelines' residual clause. *United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015).

## II. Felony Battery Conviction.

As to his felony battery conviction, Petitioner raises two belated objections.[3] First, he argues that felony battery is not a violent felony because harm is not a necessary part of each element and "the statute does not categorically or invariably require significant force or violence." At the time of his offense, Florida Statute § 784.041 provided that a person is guilty of felony battery if he "(a) actually and intentionally touches or strikes another person against the will of the other; and (b) causes great bodily harm, permanent disability, or permanent disfigurement." Petitioner stresses that the first element contains the same "actually and intentionally touching" language as simple battery, which has been held to be insufficient to satisfy the "physical force" required under the elements clause. *Johnson*, 559 U.S. at 139-40. He further objects that no one established he was convicted of "striking" the victim and that the Report failed to specifically find that he caused any significant harm. Second, he claims the Report should have established that his crime fell within both the ACCA's elements clause and enumerated clause, § 924(e)(2)(B)(ii) (listing certain categories of offenses, including burglary, arson, or extortion).

Petitioner's first argument misreads the felony battery statute. Unlike simple battery, both contact with the victim *and* harm must be established for a felony battery conviction. By its terms, the elements clause requires only that a crime have physical force as "an element," not in each element. Petitioner's focus on whether the first element involves the requisite physical force is thus a nonstarter. The second element necessarily requires causing some form of significant physical harm to another, meaning that no one can be convicted of felony battery *unless* he used violent physical force. *See United States v. Eugene*, 423 F. App'x 908, 911 (11th Cir. 2011) (holding that felony battery is a violent felony under a provision of the Sentencing Guidelines virtually identical to the ACCA's elements clause). No specific finding as to the type of harm caused is necessary. *See id.*

---

[3] Petitioner did not raise specific objections to classifying his battery conviction under the elements clause until his second set of Objections [DE 14], which he filed two months after the Report issued.

Petitioner's second objection also fails. Because his conviction satisfies the elements clause, it qualifies as a violent felony. There is no requirement that a prior conviction fit both subsections of § 924(e)(2)(B). For the foregoing reasons, all of Petitioner's Objections to the Report's analysis on the merits are overruled.

### *No Evidentiary Hearing is Warranted*

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Report recommended that any request for an evidentiary hearing be denied, because Petitioner's claims are meritless and wholly unsupported by the record. Although Petitioner recognizes that the facts underlying his prior convictions are irrelevant, Petitioner argues that a hearing is required to determine the "violation nature" of his predicate offenses and whether the sentencing judge applied the ACCA's residual clause or elements clause. However, the inquiry turns on whether his prior convictions categorically fall within the elements clause, and three do. *See Jean*, 2016 WL 143361, at *3. As set out in the Report and herein, Petitioner is entitled to no relief, and his request for a hearing is thus denied.

### *No Certificate of Appealability Will Issue*

Additionally, the Court will deny issuance of a certificate of appealability. In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if a petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Petitioner has not met this standard; accordingly, a certificate of appealability is denied. Therefore, it is

ORDERED THAT

7

(1)  The Court **ADOPTS ONLY THE REPORT'S FACTUAL FINDINGS AND RECOMMENDATION TO DENY THE PETITION ON THE MERITS** [DE 9, pp. 3-4; 21-29].[4]

(2)  Petitioner's Objections [DE 10, 14] are **SUSTAINED IN PART** as to the timeliness of his petition **AND OVERRULED IN PART** as to the merits.

(3)  Petitioner's request for an evidentiary hearing is **DENIED**.

(4)  Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, a certificate of appealability is **DENIED**.

(5)  Petitioner's habeas petition under 28 U.S.C. § 2255 [DE 1] is **DENIED**.

(6)  All pending motions not ruled upon are **DENIED AS MOOT**.

(7)  This **CASE is CLOSED**.

DONE AND ORDERED in Miami, Florida, this 11th day of March, 2016.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    *Pro Se* Petitioner
    Magistrate Judge Patrick White

---

[4] The Court does not adopt the Report's citation to *State v. Shorette*, 404 So. 2d 816 (Fla. 2d DCA 1981) on page 25, because it is no longer good law.